IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACK RAYMOND TOME,<br><br>Defendant. | CR 18-17-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Jack Raymond Tome (Tome) has been accused of violating conditions of his supervised release. (Doc. 56). Tome admitted one of the alleged violations. Tome's supervised release should be revoked.  Tome should be sentence to TIME SERVED, with 1 year of supervised release to follow.

## II.  Status

Tome plead guilty on April 17, 2018, to the offense of Criminal Possession With Intent to Distribute Methamphetamine, in violation of 18 U.S.C. Section 846 as charged in the Indictment. (Doc. 22).  Tome was sentenced to 72 months of custody followed by 5 years of supervised release. (Doc. 37).  Tome's current term of supervised release began on April 8, 2022.

**Petition**

On April 24, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Tome's supervised release. (Doc. 56). The Petition alleged Tome violated conditions of his supervised release by: (1) failing to refrain from the use of a controlled substance, with a sweat patch worn by Tome testing positive for both methamphetamine and amphetamine on April 21, 2024; and (2) on April 24, 2024, failing to comply with substance abuse testing requirements by removing a sweat patch without permission from his probation officer.

**Initial Appearances**

Tome appeared before the Court on May 21, 2024.  Tome was represented by counsel.  Tome stated that he had read the Petition and that he understood the allegations against him.  Tome waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned. Tome requested a two-week continuance to complete the process of applying for placement in Veteran's Treatment Court. The Court continued the revocation hearing until June 4, 2024, at 1:30 p.m., which was later rescheduled for June 5, 2024, at 1:30 p.m.

Tome appeared before the Court on June 5, 2024.  Tome was represented by counsel.  Tome consented to proceed before the undersigned.  Tome then again requested the revocation hearing be continued until June 11, 2024, as he was still

awaiting a determination of whether he would be accepted in Veteran's Treatment Court.

### Revocation hearing

The Court conducted a revocation hearing on June 11, 2024. The Court was advised the Tome had not been accepted in Veteran's Treatment Court. Tome then admitted that he had violated the conditions of supervised release as set forth in the Petition by: (2) on April 24, 2024, failing to comply with substance abuse testing requirements by removing a sweat patch without permission from his probation officer. The Government moved to dismiss violation (1), which the Court granted.

**Sentencing hearing**

Tome appeared before the Court on June 11, 2024. The Court noted that Tome had admitted to violating the terms of his supervised release as set forth above. Tome's violation is a Grade C violation. His criminal history category is II. Tome's underlying offense is a Class A felony. Tome could be incarcerated for 60 months. Tome could be ordered to remain on supervised release for 60 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Tome's supervised release should be revoked. Tome should be sentenced to TIME SERVED, with 1 year of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Tome that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Tome of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Tome that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Tome stated that he

wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That JACK RAYMOND TOME., has violated the conditions of his supervised release by: (2) on April 24, 2024, failing to comply with substance abuse testing requirements by removing a sweat patch without permission from his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Tome's supervised release and sentence Tome to TIME SERVED, with 1 year of supervised release to follow. The Court further recommends that during Tome's supervised release, he be subject to home confinement and submit to any substance abuse treatment recommended by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of June, 2024.

John Johnston
United States Magistrate Judge